# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GREGORY SALLIS,

            Petitioner,           Case No. 03-C-655

      v.

UNITED STATES OF AMERICA,

            Respondent.

## OPINION AND ORDER

Gregory Sallis, a prisoner in federal custody, has petitioned the court for relief from his conviction and sentence pursuant to 28 U.S.C. § 2255. Sallis is serving a 360-month sentence after having been found guilty of conspiracy to distribute crack cocaine. His conviction and sentence were affirmed on appeal. See United States v. Robinson, 39 Fed. Appx. 386 (7th Cir. 2002), cert. denied, 537 U.S. 963 (2002) and cert. denied sub nom., Sallis v. United States, 540 U.S. 931 (2003); United States v. Hardin, 209 F.3d 652 (7th Cir. 2000), cert. granted and judgment vacated by 531 U.S. 1135 (2001).

Having reviewed the section 2255 motion, the court concludes that the issues raised are barred from collateral review. A section 2255 petitioner cannot raise issues that were raised on direct appeal, absent a showing of changed circumstances or raise nonconstitutional issues that could have been, but were not, raised on direct appeal. The petitioner must demonstrate that the alleged error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete

miscarriage of justice." Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1992). In addition, the petitioner cannot raise constitutional issues that were not raised on direct appeal, unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. See generally Barnickel v. United States, 113 F.3d 704 (7th Cir. 1997); United States v. Belford, 975 F.2d 310, 313 (7th Cir. 1996), overruled on other grounds, Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994).

None of the issues raised by Sallis concerning the nature of the cocaine, the sentencing guideline increase for possessing firearms, or the career offender classification escape these restrictions. Therefore, the court ORDERS that Gregory Sallis' "Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (filed July 11, 2003) IS DENIED.

IT IS FURTHER ORDERED that this action is dismissed upon its merits.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Gregory Sallis brought a motion for relief pursuant to 28 U.S.C. § 2255 before the court, the Honorable Thomas J. Curran, District Judge, presiding, and relief having been denied,
>
> IT IS ORDERED AND ADJUDGED
>
> that this action is dismissed upon its merits.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 31st day of May, 2006.

        s/ Thomas J. Curran
        Thomas J. Curran
        United States District Judge