# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GREGORY SALLIS**
        **Plaintiff,**

v.                                                                     Case No. 03-C-655
                                                                           Criminal Case No. 98-CR-60

**UNITED STATES OF AMERICA**
        **Defendant.**

## ORDER

Petitioner Gregory Sallis filed a motion under 28 U.S.C. § 2255 attacking his sentence. Judge Curran denied the motion, finding that petitioner's claims were barred from collateral review due to either procedural default or the law of the case. Petitioner filed a notice of appeal, and the matter was re-assigned to me on Judge Curran's retirement to address whether to issue a certificate of appealability ("COA").

### I. COA STANDARD

Before a § 2255 petitioner may take an appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where a district court

has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

## II. BACKGROUND

A jury convicted petitioner of conspiracy to distribute more than 50 grams of crack cocaine, distribution of more than 50 grams of crack cocaine, and aiding and abetting interstate travel in furtherance of the conspiracy. Judge Curran sentenced petitioner to 360 months in prison. The Seventh Circuit affirmed the convictions and sentence, United States v. Hardin, 209 F.3d 652 (7th Cir. 2000), but the Supreme Court vacated the sentence and remanded for further consideration in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). On remand, the Seventh Circuit again affirmed the sentence, finding no plain error in the court's failure to submit drug weight to the jury because, "[w]ithout question, had the issue been put to it, the jury would have found more than 50 grams of cocaine base was involved." United States v. Robinson, 39 Fed. Appx. 386, 389 (7th Cir. 2002).

Petitioner then filed the instant § 2255 motion, arguing that (1) the district court erred in using the preponderance of the evidence standard to determine drug type; (2) the purity of the drugs involved was never established at his trial; (3) the government failed to prove

2

by a preponderance of the evidence that he possessed a firearm in connection with the offense; and (4) he was not a career offender under the guidelines. (R. 1 at 5.) He stated that these arguments had not previously been raised because he received ineffective assistance of counsel. (R. 1 at 6.) In his supporting memorandum, petitioner also argued that (5) the district court improperly determined the amount of cocaine base attributable to him; (6) his sentence was unlawfully enhanced by two prior, un-counseled convictions; (7) the indictment failed to allege and the jury was not instructed to find specific intent; and (8) he was denied effective assistance of trial and appellate counsel. (R. 3 at 11-19.) Later, petitioner sought to amend his motion to include (9) a claim under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). (R. 19, 24.) Judge Curran denied the motions to amend.

## III. DISCUSSION

None of petitioner's claims should proceed further.

### A. Claims Barred by the Law of the Case

Petitioner's first, second and fifth claims were raised and rejected on direct appeal. Specifically, on his direct appeal petitioner challenged the sufficiency of the evidence that the offense involved crack cocaine, as well as the district court's decision to hold him responsible for 1.5 kilograms of crack cocaine at sentencing. The court of appeals rejected his arguments, noting that numerous witnesses identified the drug involved as crack, and that these witnesses did not have to be chemists to identify the substance. The court further noted that, given the wording of the indictment, the jury had to find that the conspiracy involved crack in order to return guilty verdicts. Hardin, 209 F.3d at 660-62.

3

On remand from the Supreme Court to re-examine the sentence in light of Apprendi, the Seventh Circuit again affirmed, holding that given the weight of the evidence, the jury, had it specifically been asked, clearly would have found that the offense involved more than 50 grams of crack (triggering a possible statutory maximum penalty of life in prison). Robinson, 39 Fed. Appx. at 388-89.

Claims that were raised on direct appeal cannot ordinarily be raised again on collateral review. See, e.g., Peoples v. United States, 403 F.3d 844, 847 (7th Cir.), cert. denied, 126 S. Ct. 421 (2005) (stating that, under the law of the case doctrine, "a person who has raised an issue, and had it resolved by a federal court, cannot start from scratch on collateral review and ask the judiciary to proceed as if the first resolution had not occurred"); Fuller v. United States, 398 F.3d 644, 648 (7th Cir.), cert. denied, 126 S. Ct. 238 (2005) ("In the context of § 2255 petitions, the law of the case doctrine dictates that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [district court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.") (internal quote marks omitted); White v. United States, 371 F.3d 900, 902 (7th Cir. 2004) ("Invoking the doctrine of the law of the case, the courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal."). Petitioner pointed to no changed circumstances or other compelling reason requiring Judge Curran to reach a different result on the instant motion.

On his first claim, petitioner cited U.S.S.G. § 1B1.2(d) for the proposition that the determination of drug type had to be made under a beyond a reasonable doubt standard.

4

But that provision was inapplicable here because the charged conspiracy involved only one objective – the distribution of drugs.[1] Petitioner also argued that the court of appeals denied him due process when it found that the offense involved more than 50 grams of crack. But that court was simply applying the plain error standard applicable when an issue was not raised in the district court. Robinson, 39 Fed. Appx. at 388 (citing Johnson v. United States, 520 U.S. 461 (1997)).[2]

On his second claim, petitioner argued that the jury should have been required to determine the purity of the crack. There is no such requirement. Nor is there a requirement that the substance be seized and subjected to scientific testing. See, e.g., United States v. Wash, 231 F.3d 366, 371-72 (7th Cir. 2000) (rejecting argument that lay witnesses could not, under Fed. R. Evid. 701, testify that the substance was crack); United States v. Bradley, 165 F.3d 594, 596 (7th Cir. 1999) ("Those who smoke, buy, or sell this stuff are the real experts on what is crack."). Petitioner cited cases holding that one cannot be convicted of distributing fake drugs (e.g., flower, wax and baking soda), but those cases are inapposite because the record demonstrated that the substance involved here was crack cocaine.

---

[1] U.S.S.G. § 1B1.2(d) states: "A conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit."

[2] I later address petitioner's argument that his counsel's errors triggered the applicability of the plain error doctrine. To the extent that Apprendi and its progeny represented a change in the law, petitioner's claim was evaluated for Apprendi error by the Seventh Circuit on direct appeal. No change in the law, retroactively applicable to petitioner, has occurred since the conclusion of his direct appeal.

5

On this fifth claim, petitioner argued that Judge Curran simply relied on the PSR to determine drug weight. However, the district court is entitled to rely on a PSR for this purpose. See United States v. Martin, 287 F.3d 609, 616 (7th Cir. 2002) (stating that reasonable estimates of drug amounts based on the PSR are permissible); see also United States v. Troka, 987 F.2d 472, 475 (7th Cir. 1993) (stating that "a court may discharge its duty to make factual findings by adopting the findings contained in a presentence report"). Moreover, as the court of appeals discussed, there was plenty of evidence in the record to support the determination. Robinson, 39 Fed. Appx. at 389; Hardin, 209 F.3d at 662.

Jurists of reason would not disagree with the dismissal of these previously raised and rejected claims, so no COA may issue.

**B.     Claims Barred Due to Procedural Default**

Petitioner's third, fourth, sixth and seventh claims were not raised on direct appeal and thus were procedurally defaulted. Collateral review is not a substitute for direct appeal, and claims not raised directly may not be raised under § 2255 absent good cause for the default and actual prejudice resulting from failure to consider the claims. See United States v. Frady, 456 U.S. 152, 167 (1982). Petitioner was unable to show either. He claimed that his lawyer's ineffectiveness constituted cause, which I address and reject below. Further, because the claims lacked merit, he cannot show prejudice.

On his third claim, petitioner argued that Judge Curran credited the unreliable testimony of cooperating witnesses to find that he possessed a firearm in connection with the offense. The district court is the judge of witness credibility in making guideline determinations, and it is entitled to credit the testimony of cooperators. See, e.g., United States v. McEntire, 153 F.3d 424, 436 (7th Cir. 1998). Petitioner provided no reason to re-

6

visit this determination. Moreover, as the government noted, the claim was moot because, as a career offender, petitioner's guideline range would have been the same even without this enhancement.

On his fourth claim, petitioner argued that his 1990 California drug conviction was not a proper career offender predicate because the statute of conviction encompassed the transportation of controlled substances for personal use (which does not constitute a controlled substance offense under § 4B1.2(b)) as well as transportation for sale (which does). See United States v. Casarez-Bravo, 181 F.3d 1074, 1077-78 (9th Cir. 1998). However, the government attached to its § 2255 response the indictment, guilty plea form, and judgment from this case (documents properly considered under Shepard v. United States, 544 U.S. 13 (2005); see also United States v. Graves, 418 F.3d 739, 745 (7th Cir. 2005)), which demonstrated that petitioner's California drug offense involved the sale of controlled substances, not possession for personal use, making the offense a proper career offender predicate. (R. 6 at 13-16; Ex. 1-3.)

On his sixth claim, petitioner argued that his criminal history score was improperly enhanced by the inclusion of two un-counseled convictions. However, he presented no evidence that he was denied counsel on these two cases and, in any event, the claim was moot because even deducting those points he was still in criminal history category VI.

I further note that the Seventh Circuit has held that guideline claims are generally not cognizable under § 2255. See United States v. Wisch, 275 F.3d 620, 625 (7th Cir. 2001) ("Allegations that the district judge misapplied the sentencing guidelines are not reviewable under § 2255."); Scott v. United States, 997 F.2d 340, 343 (7th Cir. 1993) ("Only extraordinary circumstances--for example, a district court's refusal to implement a

7

provision of the Guidelines designed for the defendant's benefit, coupled with 'cause' for not taking a direct appeal--even call for inquiry."). For this reason also, petitioner's third, fourth and sixth claims were properly dismissed.

On his seventh claim, petitioner argued that the indictment failed to contain an allegation of specific intent to violate 21 U.S.C. § 841(a)(1), and the jury was not instructed that it had to find such intent. Both the indictment and the jury instructions in this case properly contained the elements of a drug conspiracy under Seventh Circuit law. See United States v. Adkins, 274 F.3d 444, 450 (7th Cir. 2001) ("A conspiracy conviction requires a showing that a conspiracy existed (two or more persons joined together for the purpose of committing a criminal act) and that the charged party knew of and intended to join the agreement.") (internal quote marks omitted).

Jurists of reason would not find the dismissal of these claims as defaulted debatable or wrong, nor would they find that the underlying claims were substantial and should proceed further. Therefore, no COA may issue.

**C.     Ineffective Assistance of Counsel**

To the extent that petitioner attempted to excuse his procedural default by blaming his lawyers, his argument failed. In order to demonstrate ineffective assistance, petitioner had to show that (1) his lawyer performed deficiently and (2) he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Petitioner first argued that his lawyer erred in not challenging drug type and weight. To the extent that petitioner claimed that his lawyer was deficient for failing to argue that those issues should have gone to the jury, the Seventh Circuit has held that lawyers need

8

not forecast changes in the law such as that brought about by Apprendi.[3] Valenzuela v. United States, 261 F.3d 694, 700 (7th Cir. 2001). To the extent that petitioner argued that his lawyer should have challenged Judge Curran's guideline determination on drug weight, he cannot, for the reasons set forth in the Seventh Circuit's decision, show prejudice. Hardin, 209 F.3d at 662 (stating that "there was plenty of testimony from multiple witnesses that Sallis was deeply involved in this drug ring that was moving large quantities of crack"). Petitioner also claimed that his lawyer should have argued that U.S.S.G. § 1B1.2 applied and that Judge Curran should not have relied on the PSR but, for the reasons set forth above, such arguments would have been futile. Petitioner further claimed that his lawyer should have raised the issue of the "purity" of the crack cocaine, but that claim failed because, as noted above, there is no requirement that purity be determined. Moreover, counsel did cross-examine the witnesses about the nature of the substance, at trial and sentencing. Finally, because petitioner was a career offender, any errors by counsel in failing to object to other guideline determinations caused no prejudice.

Petitioner also claimed his lawyer should have challenged the career offender designation, but he cannot show prejudice because, as discussed above, the designation was proper. Petitioner further argued that his lawyer should have challenged the counting of un-counseled prior offenses, but he cannot show prejudice because those offenses did not raise his criminal history category. Finally, because the indictment properly set forth the elements of the offense, counsel was not ineffective for failing to challenge it.

---

[3]Petitioner's trial and sentencing took place in 1998 and 1999, before Apprendi was decided in 2000.

9

Therefore, petitioner's procedural default cannot be excused based on ineffective assistance, and for that reason as well, no COA may issue on the defaulted claims. Further, although claims of ineffective assistance may be raised for the first time under § 2255, see Massaro v. United States, 538 U.S. 500, 504 (2003), for the reasons stated, petitioner's claim lacked merit. Reasonable jurists would not disagree with the denial of this claim, so no COA may issue on it either.

### D. Blakely/Booker Claim

Finally, petitioner could not challenge his sentence under Blakely or Booker because those cases do not apply retroactively to sentences such as his. See McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005); see also Simpson v. United States, 376 F.3d 679 (7th Cir. 2004). Therefore, because such claims would have been futile, jurists of reason would not disagree with Judge Curran's denial of the motions to amend, nor would they encourage such claims to proceed further.

### IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for a COA is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge